UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------X
EUROBEL GmbH,

           Plaintiff,

- against -

NATA SHIPPING & CHARTERING CO.

           Defendant.
---------------------------------------------------X

08 CV ----
ECF CASE

'08 CIV 3877

## VERIFIED COMPLAINT

Plaintiff, EUROBEL GmbH ("Plaintiff"), by and through its attorneys, Tisdale Law Offices LLC, as and for its Verified Complaint against the Defendant, NATA SHIPPING & CHARTERING CO., ("Defendant"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all material times, Plaintiff was a foreign company duly organized and operating under foreign law with an office and place of business in Germany and was the disponent Owner of the M/V ARINA ("Vessel").

3. Upon information and belief, at all material times, Defendant was a foreign corporation or other business entity organized and existing under foreign law with a place of business in Turkey, and was the sub –charterer of the Vessel.

4. Pursuant to a standard BALTIME charter party with Riders, dated August 17, 2007, the Plaintiff chartered the Vessel to the Trans Atlas Marine for a period of "6 + 3 months each period."

5. That charter party allowed Trans Atlas Marine to sub charter the Vessel to other parties. Trans Atlas Marine thereafter sub-chartered the Vessel to the Defendant, Nata Shipping & Trading Co.

6. In order to perform its sub-charter, the Defendant purchased bunkers from A/S Bunkering Ltd., which were delivered to the Vessel at Malta on October 12, 2007.

7. The bunker supplier thereafter invoiced the Defendant for the bunkers that were delivered to the Vessel and the Defendant failed to pay for these bunkers. See copy of Sales Invoice attached as Exhibit 1.

8. Thereafter, in order to avoid detention or arrest of its Vessel, the Plaintiff paid for the full value of bunkers sold by A/S Dan Bunkering and delivered to the Vessel while it was on sub-charter to the Defendant.

9. The Plaintiff entered into a Settlement Agreement and Release and took an assignment of A/S Dan Bunkering's claims against the Defendant. See Full and Final Settlement Agreement, Assignment and Unconditional Release attached as Exhibit 2.

10. The Plaintiff has since sough reimbursement from the Defendant for the bunker payments and the Defendant has failed to pay this debt that is still due and outstanding.

11. As a result of Defendant's failure to pay for bunkers used on the Vessel while it was under sub-charter to the Defendant, the Plaintiff has sustained damages in the total principal amount of **Euro 32,500** exclusive of interest, arbitration costs and attorney's fees.

12. Despite due demand, Defendant has failed to pay the amounts due to Plaintiff as per the bunker invoice.

13. Plaintiff is preparing to institute legal action against the Defendant in order to recover its damages. As best as can now be estimated, Plaintiff expects to recover the following amounts:

|   |   |   |
|---|---|---|
| A. | Principal claim:<br>€32,500 converted to USD | $51,775.00 |
| B. | Estimated interest on claims:<br>3 years at 6.5%, compounded quarterly | $11,049.26 |
| C. | Estimated attorneys' fees and costs: | $7,500.00 |
| **Total** | | **$70,324.26** |

13. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

14. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant, to compel arbitration and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of **$70,324.26.**

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$70,324.26** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That pursuant to N.Y. CPLR Article 53 this Court recognize and confirm any foreign judgment in Plaintiff's favor against the Defendant as a judgment of this Court;

D. That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

E. That the Plaintiff have such other, further and different relief as the Court deems just, proper and equitable.

Dated: April 24, 2008  
       New York, NY

The Plaintiff,  
EUROBEL GmbH,

By: *[signature]*  
Claurisse Campanale Orozco (CC 3581)  
Thomas L. Tisdale (TT 5263)  
TISDALE LAW OFFICES LLC  
11 West 42nd Street, Suite 900  
New York, NY 10036  
(212) 354-0025 – phone  
(212) 869-0067 – fax  
corozco@tisdale-law.com  
ttisdale@tisdale-law.com

## ATTORNEY'S VERIFICATION

State of New York   )
                    )   ss.:   City of New York
County of New York  )

1. My name is Claurisse Campanale-Orozco.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an Associate in the firm of Tisdale Law Offices, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:   April 24, 2008
         New York, NY

_____
Claurisse Campanale-Orozco